**STATE EX REL. AMERICAN INSTITUTE OF MARKETING SYSTEMS, INC., et al., Relators,**

v.

**MISSOURI REAL ESTATE COMMISSION, Respondent.**

**No. 25332.**

Kansas City Court of Appeals, Missouri.

Oct. 27, 1970.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 7, 1970.

Application to Transfer Denied Feb. 8, 1971.

Lashly, Caruthers, Rava, Hyndman & Rutherford, St. Louis, for relators.

Rexford H. Caruthers, Paul B. Rava, and Albert J. Stephan, Jr., St. Louis, of counsel.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., and Thomas J. Downey, Jefferson City, for respondent.

ORIGINAL PROCEEDING IN PROHIBITION

HOWARD, Judge.

■ This is an original proceeding in prohibition wherein American Institute of Marketing Systems, Inc. (hereinafter called AIMS), and Newton D. Baker and Ron W. Cooney, two of its officers, seek to prohibit the respondent Real Estate Commission from continuing with hearings concerning relators' right to renewal of their respective real estate licenses. The prime contention of relators is that respondent no longer has legal authority to hold this (or any other) hearing since the enactment of the "Administrative Hearing Commission Act" in 1965. This Act is presently found in Sections 161.252 to 161.-342, inclusive (all statutory references are to RSMo 1969, V.A.M.S., unless otherwise indicated). Since we have concluded that this issue is determinative of the action, we need not notice other issues raised by the parties.

AIMS is a Missouri corporation which has been licensed as a real estate broker since 1962. All real estate licenses expire on June 30 of each year. They must be renewed annually. In 1968 and prior to June 30, AIMS duly filed its application for renewal and tendered the required fee. The Commission did not issue the renewal license but instead issued a notice of hearing "for the purpose of determining whether or not your real estate license should be renewed." This hearing was to be held before the Real Estate Commission and it was commenced on the 4th of December, 1968, and recessed to a later date. Prior to the resumption of this hearing, our Preliminary Rule in Prohibition issued.

Long prior to the enactment of the Administrative Hearing Commission Act, the Missouri Real Estate Commission had been created to license and regulate real estate brokers and salesmen. This statute is now Chapter 339. Section 339.040 provides that: "A license shall be granted only to persons who bear and to corporations or

associations whose officers bear, a good reputation for honesty, integrity, fair dealing, and who are competent to transact the business of a real estate broker or a real estate salesman * * *."

Section 339.060 provides for annual licenses to expire on the 30th day of June of each year and the fees for renewal thereof. As to the requirements of renewal, it is specified: "In the absence of any reason or condition which might warrant the refusal of the granting of a license, the commission shall issue a new license for each ensuing year upon receipt of the written application of the applicant and the renewal fee herein required." Provision is specifically made for hearings to be held by the commission in certain instances. Thus, Section 339.080, paragraph 1, provides: "The commission may deny an application for a license, or suspend or revoke a license issued, only after a hearing * * *." This section provides for notice and the conduct of the hearing; power to issue subpoenas, and then provides in paragraph 3: "If the commission shall determine that any applicant is not qualified to receive a license, a license shall not be granted to said applicant, and if the commission shall determine that any licensee is guilty of violation of any of the provisions of this chapter, his or its license shall be suspended or revoked." Provision is made for judicial review. Section 339.100 authorizes the commission on its own motion, or upon complaint filed with it, to "investigate the business transactions of any real estate broker or real estate salesman and [it] shall have the power to suspend or revoke any license * * *." for the reasons enumerated in this section. Section 339.-110 provides for mandatory revocation or refusal to issue a license where there has been a conviction of certain named crimes.

It is the position of the respondent commission that the present hearing is to determine whether or not there is any reason or condition which would warrant the refusal of the granting of a license. If such reason or condition is found, it will refuse to renew the license of relators. It contends that this procedure is authorized and, in fact, required by the above quoted provision of Section 339.060. It equates the renewal of a license with the original issuance of a license and argues that Section 339.080 requires it to hold a hearing before it can deny an application. On the other hand, relators contend that the enactment of the Administrative Hearing Commission Act takes away from the Missouri Real Estate Commission all power to hold hearings and that any hearing that was heretofore authorized to be held by the real estate commission must now be held by the administrative hearing commissioner. Relators further contend that the action of the commission is, in substance and in fact, a proceeding to suspend or revoke the licenses of relators and is not a proceeding looking toward a denial of an application. We must, therefore, examine the provisions of the Administrative Hearing Commission Act.

Section 161.272 provides in pertinent part: "The administrative hearing commission shall conduct hearings and make findings of fact and conclusions of law in those cases wherein, under the law, a license issued by any of the following agencies may be revoked or suspended or wherein the licensee may be placed on probation or wherein an agency refuses to permit an applicant to be examined upon his qualifications or refuses to issue or renew a license of an applicant who has passed an examination for licensure or who possesses the qualifications for licensure without examination * * *." The Missouri Real Estate Commission is one of the 15 licensing boards which are specifically enumerated as being within the purview of this provision.

Sections 161.282 and 161.292 provide that on complaint of any of the licensing agencies or of the attorney general, the hearing commission shall hold a hearing on the charges against the licensee and make findings of fact and conclusions of law. If the findings of the hearing commission

support the charge, the commission may recommend appropriate disciplinary action. However, the matter of discipline is referred back to the licensing agency which may hold an additional hearing and must determine the disciplinary action to be taken. If the findings of the hearing commission do not support the charge, the complaint is dismissed.

Section 161.302 provides for complaint to be made to the hearing commission by an applicant or a licensee when the licensing agency refuses to permit him to take an examination or refuses to issue or renew a license to one who has passed an examination or who possesses the qualifications for a license without examination. If, after hearing, the hearing commission finds that the individual is entitled to take the examination or to receive a license or to have his license renewed, it shall enter the appropriate order.

The respondent real estate commission maintains that this is not a proceeding looking toward suspension or revocation of an existing license but that the purpose of this hearing is to determine whether or not the licenses of relators should be renewed; that Section 161.302 does not authorize the hearing commission to act until it (the real estate commission) has refused to renew the license; that only then can the relators file a complaint with the hearing commission and only then is the hearing commission authorized to act.

We note that Section 339.100, supra, permits an investigation of a licensee's actions on the board's own motion and requires such an investigation on written complaint by any person. The language of the statute is: "The commission *may* on its own motion, and *shall* upon written complaint filed by any person, investigate the business transactions of any \* \* \*" (emphasis added) licensee and "shall have power to suspend or revoke any license \* \* \*" for the reasons enumerated in this section. Section 339.080 requires a hearing before any such suspension or rev-

ocation can be ordered. Section 339.100 is, by its terms, applicable only to suspension or revocation. It is not applicable to renewal. The decision of our Supreme Court en banc, in State ex rel. Wolfe v. Missouri Dental Board, 289 Mo. 520, 233 S.W. 390, demonstrates the significant difference between renewal and original issuance or suspension or revocation. In the present case, the notice of hearing reveals that the real estate commission has received numerous written complaints (as well as oral) concerning AIMS, which would require investigation looking to suspension or revocation under this section 339.100. It is, therefore, apparent that, whatever label may be attached to this hearing, it may result in a termination of relators' rights to pursue a lawful profession, as was pointed out in Hall v. Scudder, 74 Cal.App.2d 433, 168 P.2d 990, discussed infra. In the view we take of this case, we are not required to affix any particular label to the hearing before the real estate commission.

Section 11 of the Administrative Hearing Commission Act (not included in the revised statutes), provides: "Any provisions of existing statutes pertaining to the administrative agencies listed in section 3 [161.272], which are in conflict with this act are repealed." Laws 1965, pp. 277, 280, Section 11.

The respondent real estate commission admits that by the operation of this Section 11, it is no longer empowered to hold hearings looking toward the suspension or revocation of an existing real estate license. However, it equates renewal with the original application for a license and says that the applicant, or the licensee seeking renewal, cannot file a complaint with the administrative hearing commission until the board has denied the application or refused to renew, and that, therefore, the real estate commission statutes still authorize the real estate commission to hold an evidentiary hearing to determine whether the original application should be granted or the license renewed. It contends that

the claimed statutory authority to hold hearings to determine the qualification for the original licensure or for renewal are not in conflict with the provisions of the Administrative Hearing Commission Act and that, therefore, it is statutorily authorized to hold the hearing in question. Let us examine the consequences which would follow if this argument were sustained. Upon an original application for a license and every year thereafter, on application for renewal, the real estate commission would be empowered to hold an evidentiary hearing to determine whether or not the applicant was qualified for the issuance of a license or for the renewal thereof. When the real estate commission reached its conclusion, such decision would be subject to judicial review. If, after appeal to the circuit court and to the proper appellate court, the decision of the real estate commission denying the license or renewal became final, then and only then could the applicant or the licensee file a complaint with the administrative hearing commission and the same question would be litigated again, from scratch. We are asked to find that this was the intention of the legislature and that such hearing power remaining in the real estate commission would not be in conflict with the provisions of the Administrative Hearing Commission Act. This we cannot do for the reasons appearing hereinafter.

The administrative hearing commission is, by Section 161.272, specifically given jurisdiction to conduct hearings and make findings of fact and conclusions of law in those cases where the license might be revoked or suspended or where the licensee may be placed on probation and in those cases where the agency refuses to permit an applicant to be examined upon his qualifications or to issue or renew a license to one who is entitled thereto. This was obviously designed to, and we believe it does, cover all contingencies wherein the Missouri Real Estate Commission, and the other licensing boards listed in this section, were theretofore authorized to hold hearings.

Section 339.080 required a hearing on an application for a license only where the board proposed to deny it. In the great bulk of cases, no hearing is held and the license is issued after examination and on the formal proofs and application required by the board. Now, under the Administrative Hearing Commission Act, if the board determines to deny the application, the hearing on qualification is to be held by the administrative hearing commission, on complaint of the applicant.

Furthermore, Section 339.060 requires renewal by the real estate commission "in the absence of any reason or condition which might warrant the refusal of the granting of a license." When read in context, this obviously refers to established reasons or conditions such as prior disciplinary action which is still in effect or conviction coming with the purview of Section 339.110. This section 339.060 refers to "the absence of any reason or condition." It does not refer to the absence of any allegations or complaints, which, if found to be true, "might warrant the refusal of the granting of a license." The situation in the present case comes within the latter category. We do not have established reasons or conditions, we have only allegations. Under such circumstances, said Section 339.060 requires that the commission renew the license. If there are allegations or complaints which justify disciplinary action against the licensees, the real estate commission may file a complaint with the administrative hearing commission as provided in Section 161.282, and that commission will hold a hearing, make findings of fact and conclusions of law, and if it finds that the allegations are sustained by the evidence, the real estate commission may then determine the disciplinary action to be imposed. On the other hand, if the real estate commission feels that there exists established reasons or conditions which might warrant the refusal of the granting of a license, it can refuse to renew; the licensee may then file a complaint with the administrative hearing commission and the issue will be deter-

mined by that commission after appropriate hearing.

■ The original notice was issued by the respondent real estate commission on August 2, 1968. Relators again filed their annual applications for renewals of their licenses prior to June 30, 1969. The real estate commission then issued an expanded notice of hearing (the hearing was then in recess) "to include the latest application" of relators. The real estate commission has not formally refused to renew relators' licenses. It states that they have permitted relators to continue to conduct their business pending the conclusion of this hearing. Such permission is in direct contravention of the law. Section 339.020 provides that it shall be unlawful for anyone to act as real estate broker or salesman without a license first procured from the real estate commission. Further, Section 339.170 provides that anyone violating any provision of Chapter 339 is guilty of a misdemeanor, and punishable by a fine of not more than $500.00 or by imprisonment in the county jail, not to exceed 6 months, or by both fine and imprisonment. Corporations are liable to punishment by fine of not more than $1,000.00. The real estate commission has no authority to set aside these statutory provisions and cannot legally insulate relators from their operation. Furthermore, under Section 339.160, relators can recover compensation due them for services rendered as real estate brokers or salesmen only upon proof that they were duly licensed at the time the cause of action arose. On the other hand, it might be argued that such "permission to operate" constituted a tacit or de facto renewal of relators' licenses even without the formal issuance of a license as required by Section 339.050. We are not required to decide this issue but it is mentioned to round out the picture of the consequences flowing from the course of action pursued by the real estate commission.

This question is apparently one of first impression in this state as to the scope of the Administrative Hearing Commission Act which became effective October 13, 1965. Likewise, no case has been found in this state concerning the authority of the real estate commission (or other comparable licensing body) to conduct evidentiary hearings on the qualifications of a licensee who has applied for renewal of his license. On this latter issue, relators have cited the decision of the California Court of Appeals in Hall v. Scudder, 74 Cal.App.2d 433, 168 P.2d 990. In that case, under statutes fairly comparable to the Missouri real estate law, the court concluded that the California real estate commission did not have statutory authority to conduct a hearing into the activities of the licensee in connection with his application for renewal. The court likened the procedure followed by the licensing board to a procedure for revocation. The court said:

"* * * Although the order was only a refusal to renew the license, it was for all practical purposes a revocation of the license, and it deprived petitioner of his right to pursue a lawful occupation."

As to the statutory authorization for such hearing, the court said:

"None of the procedure which is applicable to the matter of original applications, and none of that which must be followed before there can be an order of suspension or revocation is expressly, or at all, made applicable to proceedings for renewal of licenses. * * *"

The court pointed out the consequences of the procedure followed by the licensing board in this language:

"* * * The confused result is that petitioner has not been found guilty of any act which would justify a cancellation of his original license for fraud in its procurement, or any other reason, and has not been found guilty of any act within three years immediately preceding the laying of the charge which would justify a revocation of the license."

The court summarized its conclusion of the proper construction of the real estate law as follows:

"The proper construction of the several code sections is that the renewal of a real estate broker's license is a matter of right on the part of one who holds an unsuspended and unrevoked license which is in force at the time of the application for renewal."

As to the scope of the powers divested from the real estate commission by the 1965 enactment of the Administrative Hearing Commission Act, the only authority cited by respondent is an opinion of the attorney general of Missouri, prepared by an assistant attorney general who is presently one of counsel for respondent in the litigation at bar. For the reasons set out in this opinion, we do not find this attorney general's opinion persuasive.

It is apparent from the very nature of things and from the provisions of Section 11 of the Administrative Hearing Commission Act heretofore quoted, that the legislature intended sweeping changes in the hearing procedures theretofore provided by law for the 15 licensing bodies specifically enumerated in Section 161.272. Prior to the enactment of the administrative hearing commission law, the licensing board made its own investigation, either on its own motion or on complaint filed with it. The board made its own determination as to whether or not a complaint should be filed against the licensee. The board drafted the charges against the licensee. The board held a hearing at which it presented evidence, and ruled upon the admissibility of such evidence. The board then made a determination as to whether its evidence supported its charges; as to whether its complaint was sufficient in form and substance; and then determined what disciplinary action should be imposed. Thus, the board acted as investigator, prosecutor, judge, jury and executioner, all rolled into

one. As a practical matter, any lawyer representing a licensing board in order to properly perform his duties, passed upon whether the evidence resulting from the investigation was such that a charge should be filed; he drafted the charge; he presented the evidence against the licensee before the board; he advised the board as to its rulings on any objections to its evidence; he then conferred with and advised the board on the sufficiency of the evidence to support his charges; he advised the board as to the decision they should reach and then drafted the written decision for the board. In such a situation, even the best intentioned individuals could not function with actual and complete fairness and impartiality. Prejudgment of a case was inevitable. It was to remedy this situation that the Administrative Hearing Commission Act was passed, setting up an impartial tribunal to hold evidentiary hearings and make findings of fact and conclusions of law upon the evidence presented by the licensing board on one side, and by the licensee (or the applicant for a license) on the other side. For a discussion of the enactment and provisions of the Administrative Hearing Commission Act, see Dysart "Missouri's New Commission", Journal of The Missouri Bar, Volume 21, No. 10 (October, 1965).

It is, therefore, our conclusion that the Missouri Real Estate Commission is without statutory authority to conduct an evidentiary hearing into the qualifications of relators for renewal of their licenses; that it must act on the application for renewal which may, of course, contain such pertinent information as the commission sees fit to require. If the real estate commission believes that there is reason to suspend or revoke a license, it must file its complaint with the administrative hearing commission and can take disciplinary action only after hearing and findings of fact and conclusions of law by the administrative hearing commission. If the application for renewal is denied, then the licensee may file his pe-

tition with the administrative hearing commission.

It, therefore, follows that our Preliminary Rule in Prohibition should be and it is hereby made absolute.

All concur.