Dear Mr. Otto:
This official opinion is issued to you in response to the following question:
 "Does the State Tax Commission of Missouri have jurisdiction under Senate Bill No. 661, Section A, to hear and decide appeals from final decisions of the Director of Revenue in income tax disputes when such appeals have been filed with the Commission on or after August 13, 1978, so long as the Director of Revenue has received a written request for hearing prior to August 13, 1978?"
Senate Bill No. 661, 79th General Assembly, which became effective on August 13, 1978, was enacted for the stated purpose of providing a more uniform procedure for administrative review by the Administrative Hearing Commission of disputes involving certain state agencies. Sections 143.651, 143.841.3 and 143.891.4, RSMo Supp. 1975, which were repealed by Senate Bill No. 661, provided for review of a final decision of the Director of Revenue in the income tax area in the State Tax Commission. Section 138.430.1, RSMo 1969, which was also repealed in Senate Bill No. 661, provided for review before the Tax Commission on such cases. The above sections as reenacted in Senate Bill No. 661 delete all reference to the State Tax Commission.
As a creature of statute the State Tax Commission, like any other administrative agency, has no more or no less authority than that granted by the legislature. See State Board ofRegistration for the Healing Arts v. Masters, 512 S.W.2d 150, 166
(Mo.Ct.App. at K.C. 1974). Generally, the repeal of a law conferring jurisdiction upon an entity has the effect of blotting out such law as if it had never existed and strips the entity of the jurisdiction previously created. See Harkey v. Mobley,552 S.W.2d 79, 81 (Mo.Ct.App. at Spr. 1977). Under the express provisions of Senate Bill No. 661, the State Tax Commission, as of August 13, 1978, lacks the jurisdiction to undertake review of decisions of the Director of Revenue issued on or after that date. Instead, review of final decisions of the Director of Revenue on or after August 13, 1978, is governed by the provisions of Section 161.273, as contained in Senate Bill No. 661. Section 161.273 provides that, except as otherwise provided by law, any person or entity shall have the right to appeal to the Administrative Hearing Commission from any finding, order, decision, assessment or additional assessment made by the Director of Revenue.
It has been suggested that the use of the phrase "hearing or review" in Section A of Senate Bill No. 661 mandates a legislative intent that the State Tax Commission retain jurisdiction to review all decisions of the Director of Revenue in income tax disputes, regardless of the date of decision, as long as the Director of Revenue had received a written request for a hearing before the director prior to August 13, 1978. Such hearings are provided prior to a final decision of the Director of Revenue if requested by the taxpayer. Section A of Senate Bill No. 611 provides as follows:
 "This act shall become effective August 13, 1978. Any hearing or review commenced prior to such date shall proceed pursuant to the law applicable at the time of its commencement."
This position cannot be sustained because of the express language of Senate Bill No. 661 removing the jurisdiction of the State Tax Commission to review income tax decisions by the Director of Revenue issued subsequent to August 13, 1978. When viewed in the context of the act, the phrase "hearing or review" in Section A can only apply to those agencies whose jurisdiction to review or hear controversies is affected by Senate Bill No. 661. Among other things, this would apply to the State Tax Commission, whose jurisdiction to review final decisions of the Director of Revenue in income tax cases has been removed, and the various administrative agencies set forth in Section 161.272 of Senate Bill No. 661 whose authority to conduct hearings has been altered. Accordingly, the State Tax Commission must continue the hearing process in all instances where an appeal from a final decision of the Director of Revenue in an income tax dispute has been lodged with the Commission prior to the effective date of the act, August 13, 1978. However, income tax disputes pending before the Director of Revenue on the effective date of Senate Bill No. 661, August 13, 1978, cannot be considered "commenced" before the State Tax Commission because the Director and the Commission are two separate and distinct entities with separate and distinct responsibilities.
CONCLUSION
It is the opinion of this office that, as of August 13, 1978, the effective date of Senate Bill No. 661, 79th General Assembly, the State Tax Commission of Missouri lost jurisdiction to review any final decision of the Director of Revenue in an income tax dispute except where a petition to review a final decision was filed with the Commission prior to that date. Review of any final decision of the Director of Revenue in an income tax dispute rendered on or after August 13, 1978, is governed by the provisions of Senate Bill No. 661 and must be lodged with the Administrative Hearing Commission pursuant to the requirements of Section 161.273 of said bill.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Richard L. Wieler.
Very truly yours,
 JOHN ASHCROFT Attorney General