**G & D RAMSEUR, INC., d/b/a The Beverage Shoppe**

v.

**James FRANKLIN, Supervisor of Liquor Control.**

No. 13067.

Missouri Court of Appeals, Southern District, Division One.

May 13, 1983.

Motion for Rehearing or to Transfer to Supreme Court Denied May 23, 1983.

Application to Transfer Denied June 30, 1983.

Don M. Henry, Henry, Henry & Henry, P.C., West Plains, for respondent.

John D. Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for appellant.

GREENE, Chief Judge.

The Supervisor of Liquor Control appeals the judgment of the trial court which re-

versed a decision of the Administrative Hearing Commission (Commission). The Commission's ruling upheld the decision of the Supervisor to suspend the package liquor license of G & D Ramseur, Inc., d/b/a The Beverage Shoppe, for a period of five days, by reason of the alleged unlawful sale of intoxicating liquor to a minor.

The facts of the case are simple and not in dispute. On May 17, 1980, Eddie Dwayne Davis, who was six days short of being 17 years old, purchased a pint of Jack Daniels whiskey from Walter Weaver, an employee of The Beverage Shoppe. David did not present any identification at the time of the sale, but had, on two occasions shortly before the sale in question, presented identification to Weaver and Guy Ramseur, one of the owners, which consisted of a forged and fraudulent driver's license showing Davis to be 21 years old. Davis, who was heavily bearded, had the appearance of being over 21. Ramseur and Weaver had looked at the license, compared the picture on it with Davis, questioned him, and concluded the license was genuine.

In its conclusion, the Commission found that even though Ramseur and Weaver had previously used good faith in selling intoxicating liquor to Davis, based on the produced driver's license and the appearance of Davis, the law required that identification must be produced at each and every sale if the package store owner is to avail himself of the "good faith" defense under § 311.-328.2,[1] and if not, then the good faith defense was not available.

The trial court disagreed, saying that there was no requirement at law that identification be produced at the time of each and every sale, and that the good faith requirement was fulfilled if the licensee or his agents had, on prior occasions, satisfied themselves by proof produced that the prospective purchaser was 21 years old.

Section 311.310 states, in its pertinent part:

"Any licensee under this chapter, or his employee, who shall sell, vend, give away or otherwise supply any intoxicating liquor in any quantity whatsoever to any person under the age of twenty-one years, . . . shall be deemed guilty of a misdemeanor . . . ."

Section 311.328.2 allows the licensee a good faith defense if:

"Upon proof by the licensee of full compliance with the provisions of this section, no penalty shall be imposed if the supervisor of the department of liquor control or the courts are satisfied that the licensee acted in good faith."

Full compliance is fulfilled under § 311.-328.1 if:

"The operator's or chauffeur's license issued under the provisions of section 302.177, RSMo, . . . or an identification card as provided for under section 302.-181, RSMo, shall be presented by the holder thereof upon request of any agent of the department of liquor control or any licensee or the servant, agent or employee thereof for the purpose of aiding the licensee or the servant, agent or employee to determine whether or not the person is at least twenty-one years of age when such person desires to purchase or consume alcoholic beverages procured from a licensee. Upon such presentation the licensee or the servant, agent or employee thereof, shall compare the photograph and physical characteristics noted on the license with the physical characteristics of the person presenting the license."

This section does not make the request for identification mandatory upon each and every sale of intoxicating liquor. The Supervisor would have us read that requirement into the statute. We decline to do so, as it is not the business of the courts to legislate. If the legislature had intended that a licensee request a driver's license and ascertain a person's age before

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to stat- utes are to RSMo 1978, V.A.M.S.

each and every sale to the same person, it would have said so.

▪ The Commission erred in its interpretation of the law. The trial court was not bound by the Commission's interpretation, but was free to make its independent judgment on that issue. Mo.Const. Art. V, § 18, as amended 1976, effective January 2, 1979; §§ 311.691, 161.272, 161.332, and 536.-140.2(4); Rule 100.01; *State Board of Registration for Healing Arts v. Masters,* 512 S.W.2d 150, 158[3] (Mo.App.1974). The trial court interpreted the law correctly, and applied it properly to the facts found by the Commission.

The judgment of the trial court reversing the decision of the Administrative Hearing Commission is affirmed.

FLANIGAN, P.J., and TITUS and CROW, JJ., concur.