Donald L. DAVIS and Russell Correll, Appellants,

v.

J.C. NICHOLS COMPANY and Harwood Operating Company, Respondents.

No. WD 37385.

Missouri Court of Appeals, Western District.

Aug. 6, 1986.

---

## ON MOTION FOR REHEARING

### PER CURIAM.

Respondents contend in a motion for rehearing that the opinion in this case overlooks or misconceives a jurisdictional limitation barring appellants from introducing and the trial court from admitting in evidence Kansas City ordinances on the subjects of special parking lot permits and prohibited nuisances. They say the decision by the Board of Zoning Adjustment to issue respondents a permit to construct the subject parking lot foreclosed any later collateral challenge to the permit and also shields respondents from any claim that the parking lot operation amounted to a nuisance under ordinances on that subject. Because the question of admissibility of evidence will arise on retrial, we deem it appropriate to enlarge upon the portion of the opinion which discussed the ordinances as evidence relevant to the case.

The special parking lot permit and its issuance to respondents by the Board of Zoning Adjustment were subjects introduced into the case by respondents. They advanced the permit as their primary defense to the claim that the activity associated with operation of the lot constituted a private nuisance. To counter the permit oriented defense, appellants undertook to show through the terms of the applicable city ordinance that in the scope of construction and operation, the parking lot exceeded the bounds of any permit which could have been lawfully granted. The ordinance defining the authority of the Board to issue special parking lot permits in residential areas was essential evidence to prove either that the Board had exceeded its jurisdiction in issuing a permit not authorized by the zoning ordinance or that the parking lot was constructed in an area for which no permit could be granted. The point at issue was whether the trial court correctly ruled to deny appellants the proof of the ordinance and, in consequence, also denied appellants the opportunity to prove in support of the nuisance claim that the parking lot was built in violation of the zoning law.

There is no dispute that respondents could not have lawfully built and operated this parking lot on lots zoned for residential use without the special permit. Also undisputed is the fact that the sole source for authority in the Board to grant special parking lot permits is § 39.446, I(A) (1981, Revised Ordinances of Kansas City, Missouri). In part, the ordinance reads as follows:

"The board of zoning adjustment may permit as an auxiliary use for customers and employees of neighboring business establishments, a parking area for passenger automobiles only, on a lot or lots in R-3, R-4, R-4-0, R-5 and R-5-0 districts, *all of which lot or lots are within five hundred (500) feet of a business or*

*industrial district * * *."* (Emphasis added).

Appellants' evidence which was admitted showed that the lots on which the parking lot was built were zoned for residential use, that the depth of the parking lot was 250 feet and that the nearest business or industrial district was 490 feet from the closest point of the parking lot. In consequence, all but 10 feet of the ground area used by respondents as the site for the parking lot exceeded the maximum distance from a commercial district which the ordinance specified. This evidence coupled with proof of the ordinance would show that substantially all of the parking lot existed in violation of the zoning law, notwithstanding the permit, and therefore respondents' claim of city sanction to the operation of the parking lot was specious.

Respondents did not at trial and do not here dispute the proof as to the location of the parking lot or the terms of the ordinance. Instead they argue that appellants were not entitled to prove the violation of the zoning law because the Board of Zoning Adjustment ruling on the permit application foreclosed any later contest on the subject. As respondents' motion states the proposition: "The BZA specifically held that § 39.446 did not require the entire parking lot to be within the five hundred foot requirement."[1] Citing § 89.110, RSMo. 1978 and *Hart v. Board of Adjustment of City of Marshall*, 616 S.W.2d 111 (Mo.App.1981), respondents say that after passage of the time for a certiorari petition under § 89.110, RSMo.1978, even action by a Board of Zoning Adjustment for which it has no authority becomes immune from any challenge.

■ The Board of Zoning Adjustment has no legislative power and cannot by its order amend or repeal any zoning ordinance, rule or regulation. *Brown v. Beuc*, 384 S.W.2d 845, 851 (Mo.App.1964). Issuance of a permit not in conformity with

the city code confers no rights to violate the code. *H.B. Deal & Co. v. Kuhlmann*, 244 S.W.2d 390, 393 (Mo.App.1951). If the Board of Zoning Adjustment had no authority or jurisdiction to act as it did, the order was void and can be attacked in any manner, whether directly or collaterally. *Himmel v. Leimkuehler*, 329 S.W.2d 264, 271 (Mo.App.1959).

■ The evidence which appellants tendered and which was refused admission was offered to support the claim that operation by respondents of a commercial parking lot in a residential neighborhood with the attendant noise, exhaust fumes and traffic was a nuisance. The ordinance governing the authority of the Board of Zoning Adjustment to issue parking lot permits was relevant and competent, not to initiate a review of the merits of the Board decision, but to demonstrate that the area covered by the parking lot was not a lawful subject for a permit. The city nuisance ordinances were appropriate evidence to show what conduct the city regulated as a nuisance. Neither subject was immune from examination in the case. The Board could not by its action on the permit application enlarge its own jurisdiction or grant a use which the zoning law did not approve or sanction conduct otherwise declared by ordinance to be a nuisance. Appellants were entitled to have that evidence considered by a jury which would then decide whether a nuisance was proved.

The motion for rehearing is overruled and the motion to transfer is denied.

---

1. The most casual reading of § 39.446 discloses that such an interpretation is patently erroneous. The ordinance plainly says "all of which lot or lots" shall be within 500 feet of a commercial district. Under respondents' interpretation, there would be no limit to which a parking lot might be extended in a residential area so long as one foot of the ground was within 500 feet of the business district.