William A. KENNEDY d/b/a Kennedy Real Estate, Cross Appellant/Respondent,

v.

MISSOURI REAL ESTATE COMMISSION, Appellant/Cross Respondent.

No. 54543.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1988.

---

David G. Edwards, Greg A. Perry, Jefferson City, for appellant/cross respondent.

Kenton Ernst Knickmeyer, David A. Stratmann, St. Louis, for cross appellant/respondent.

SATZ, Judge.

This is a license suspension case. The real estate license of William Kennedy (Kennedy) was suspended for one year by the Missouri Real Estate Commission (Real Estate Commission). The circuit court reversed the Real Estate Commission's decision and remanded the case to the Administrative Hearing Commission (Hearing Commission) to determine whether cause existed to discipline Kennedy. The Real Estate Commission appeals, contending the circuit court erred in not affirming its decision. Kennedy appeals, contending the circuit court should have reversed the Real Estate Commission's decision without remand. We affirm the judgment of the circuit court.

The basic facts are not in dispute. In 1983, Kennedy was a licensed real estate agent. In that capacity, he deposited

$5,000 in his escrow account as part of a real estate sale. The sale was not completed. The Real Estate Commission's investigation of the incident included an audit of his escrow account. The audit revealed the end of the month balance in the escrow account was below $5,000 13 times in the 16 month period between June 30, 1983 and October 31, 1984.

The Real Estate Commission filed a complaint with the Hearing Commission, based upon the removal of the money from Kennedy's escrow account. § 339.100.2(1), RSMo 1986 [1]; 4 CSR 250–9.040(1). Before a hearing on the complaint was held, Kennedy and an attorney for the Real Estate Commission entered into an agreement entitled: "Stipulation of Facts and Waiver of Administrative Hearing Commission Hearing and Consent to a Finding of Cause for Discipline."

In the agreement, Kennedy expressly agreed that: if the Hearing Commission "accepts" the agreement, it will find Kennedy's "broker[s] license ... is subject to disciplinary action by the Missouri Real Estate Commission"; the "disciplinary action may include the suspension or revocation of [Kennedy's] ... license ..."; and the Real Estate Commission will "conduct a disciplinary hearing ... for the purpose of determining the appropriate disciplinary action...." The agreement was filed with the Hearing Commission, and the Hearing Commission subsequently issued its order stating:

> Upon careful review of [the agreement] ... this Commission [finds] that all parties have knowingly and voluntarily entered into said document; that all parties, in accordance with said document, have freely waived their right to a hearing in this matter; and further, that all parties have freely consented to the informal disposition of the instant contested case in accordance with Section 536.-060, RSMo 1978.
>
> Accordingly, the Administrative Hearing Commission consents to the terms of said STIPULATION OF FACTS AND WAIVER OF ADMINISTRATIVE HEARING COMMISSION HEARING AND CONSENT TO A FINDING OF CAUSE FOR DISCIPLINE and it is so Ordered this date.
>
> Further, it is the Order of this Commission that Case No. RE–86–1621 be dismissed effective this date.

The Hearing Commission then sent copies of its record to the Real Estate Commission pursuant to § 621.110, and the Real Estate Commission set the date for a disciplinary hearing. At the hearing, Kennedy explained the circumstances surrounding the removal of the money, but he did not deny the money had been removed nor did he deny he had at times written checks for personal items from the escrow account. He did say these checks were always for money due to him and he was just "skipping the step" of putting the money into his personal account.

After the hearing, the Real Estate Commission issued its order suspending Kennedy's broker's license for one year and placing him on probation for three years after that. Kennedy appealed this order to the circuit court. The court reversed the order and remanded the case to the Hearing Commission "for reconsideration of evidence and redetermination of whether cause for discipline exists." This appeal followed.

The parties raise several issues on appeal. We address those which are dispositive.

■ Kennedy asserts that § 621.045 requires the Hearing Commission to make an independent finding of whether cause for discipline exists. We agree.

> Section 621.045, provides in part that: The administrative hearing commission *shall* conduct hearings and make *findings of fact and conclusions of law* in those cases wherein, under the law, a license issued by any of the following agencies may be revoked or suspended.... (emphasis added)

The plain meaning of this language requires the Hearing Commission to make an

**1.** All statutory references are to RSMo 1986, unless otherwise stated.

independent assessment of the facts to determine whether cause for disciplining a licensee exists. This reading squares with the legislative purpose for creating a Hearing Commission as an administrative body separate and distinct from the licensing agency. To process a disciplinary action against a licensee prior to the creation of the Hearing Commission, the licensing agency acted as "investigator, prosecutor, judge, jury and executioner, all rolled into one." *State ex rel. Am. Inst. of Mktg. Sys., Inc. v. Missouri Real Estate Comm'n*, 461 S.W.2d 902, 908 (Mo.App. 1970). At best, this commingling of disparate functions created a perception of unfairness. Consequently, the legislature placed the determination of the facts and the cause for discipline in the Hearing Commission, separate and apart from the licensing agency. This was to assure the impartiality of this adjudicatory process. *See, e.g. Geriatric Nursing Facility, Inc. v. Department of Social Services*, 693 S.W.2d 206, 209 (Mo.App.1985). But this impartiality would be compromised if the determination of cause was not a separately and independently arrived at determination by the Hearing Commission. The necessity of a separate and independent determination is reflected in the Hearing Commission's own rules, which now provide:

> Disposition of a contested case by consent order or agreed settlement shall be made by written order of the commission but may not be made without findings of fact and conclusions of law.

1 CSR 15–2.150(1).

■ The record here, however, does not show the Hearing Commission made an independent finding of cause. In its order, the Hearing Commission states that it "consents to the terms" of the agreement entered into by Kennedy and the attorney for the Real Estate Commission. "Consents to", in this context, may means "accepts", in common parlance or legal jargon. Accepting the parties determination of cause, obviously, is a far cry from the Hearing Commission making its own independent determination of cause. On the other hand, "consents to" may mean "agrees with" and "agrees with" may imply the Hearing Commission independently reached the same conclusion the parties reached. The possibility of such different interpretations makes the term "consents to" ambiguous. Quite simply, the inherent ambiguity in this term is unacceptable. The existence of an impartial and independent determination by the Hearing Commission should not depend upon a talmudic exegesis of the determination as written. The circuit court properly remanded this cause to the Hearing Commission for this independent determination.

■ Kennedy, however, argues the circuit court had no jurisdiction or power to make this remand. Kennedy reaches this conclusion by focusing on the last sentence of the Hearing Commission's order in which the Commission states the cause is "dismissed." This "dismissal", Kennedy contends, necessarily implies the Hearing Commission found there was no cause for disciplinary action, and, Kennedy argues, this implicit finding foreclosed further action by the Real Estate Commission and, in turn, by the circuit court.

The last sentence of § 621.110, Kennedy points out, reads: "In any case where the [hearing] commission fails to find any cause ... the [hearing] commission shall dismiss the complaint...." Since the statute provides only one ground for a dismissal, Kennedy argues, this ground can be the only ground for a dismissal. We disagree.

Section 621.110 details the procedures to be followed after a decision is made by the Hearing Commission. Understandably, most of this statute defines the process following a finding that a cause for discipline exists: findings of facts and conclusions of law, notice of decision to licensee, transmittal of record to Real Estate Commission and the like. The last sentence of the statute, as noted, simply states the obvious: if the Hearing Commission finds no cause for discipline, it should dismiss the complaint. However, the converse—if there is a dismissal, there must have been no cause for complaint—does not follow. This reading stands the statutory language

on its head. This result can only be reached by interpreting the language to mean the Hearing Commission can dismiss the complaint, if, but only if, there is no cause for discipline.

This interpretation is not only contrary to a plain reading of the statute, it is also contrary to the Hearing Commission rules of procedure adopted under its statutory authority to design rules "to simplify the maintenance of actions." § 621.198. For example, one of the rules, quite sensibly, permits the Hearing Commission to dismiss the complaint if the complainor fails to follow any rules or orders of the Commission. 1 CSR 15–2.140(1).

The rules governing the Hearing Commission require it to transmit its record and order to the licensing agency for disciplinary proceedings. § 621.110; 1 CSR 15–2.100(1)(A). That was done here. The Hearing Commission would not have done so had it meant there was a failure to find cause for discipline when it ordered the case to be "dismissed". Moreover, since the Hearing Commission did transmit its record to the Real Estate Commission, its use of the term "dismissed" simply was an administrative method of removing the case from its docket.

JUDGMENT AFFIRMED.

SMITH, P.J., and STEPHAN, J., concur.