STATE of Missouri, ex rel. Sherman R. ODOM, Relator–Appellant,

v.

MISSOURI BOARD OF PHARMACY, George L. Oestreich, Donald R. Brown, James A. Cordes, James F. Dille, Janet Crawford, Sheila Schmidt, and Michael Kuster, as members of the Missouri Board of Pharmacy, and Kevin E. Kinkade, Executive Director, Respondents.

No. WD 41670.

Missouri Court of Appeals, Western District.

Oct. 3, 1989.

Charles T. Rouse, Salem, for relator-appellant.

William L. Webster, Atty. Gen., Sara L. Trower, Asst. Atty. Gen., Jefferson City, for respondents.

Before CLARK, P.J., and
LOWENSTEIN and BERREY, JJ.

CLARK, Presiding Judge.

This suit was instituted by appellant as a petition for writ of prohibition seeking to prevent respondent Missouri Board of Pharmacy from conducting a disciplinary hearing on November 16, 1988. The trial court issued a preliminary order in prohibition but after a hearing, quashed the preliminary order and denied the petition. This appeal followed.

The history of the case commenced with a complaint filed by respondent with the Administrative Hearing Commission April 2, 1987, amended thereafter. The complaint alleged, in substance, that appellant, a licensed pharmacist, should be subjected to discipline because appellant had been convicted in federal court of offenses related to adulterated and misbranded drugs and because appellant had fraudulently submitted bills to Blue Cross–Blue Shield for medications not prescribed or not furnished to subscribers, and for other offenses. The primary source of complaint, and the basis for the criminal conviction, was appellant's practice of obtaining sample drugs from drug manufacturers and altering, relabeling or repackaging those drugs for sale at retail.

On August 29, 1988, the Commission issued its statement of the case, findings of fact and conclusions of law whereby it held that respondent board had established cause to take disciplinary action against the license held by appellant as a pharmacist. A copy was sent that date to the parties. On October 19, 1988, respondent board served on appellant a notice of a disciplinary hearing set for November 16, 1988. Appellant procured the preliminary order in prohibition November 14 and the case proceeded as described above.

Appellant's contention before the trial court, renewed here as the basis for the claim of error, rests on the argument that under § 621.110, RSMo 1986, the board had the obligation to set the matter of a disciplinary hearing within thirty days of August 29, 1988, the date when the Adminis-

trative Hearing Commission issued its decision. According to appellant, when that time passed, the board lost jurisdiction and the notice given October 19, 1988 was ineffectual.

Under the scheme of practice set out in §§ 621.045, 621.100 and 621.110, RSMo 1986, where any of the license issuing agencies named by the statute contemplates action by way of suspension, revocation or other discipline upon a licensee or applicant, the administrative hearing commission first conducts a hearing to determine if there is cause for the complaint. Upon a finding of cause, the administrative hearing commission returns the case to the agency where another hearing is scheduled and thereafter, discipline is administered.

The portion of the statute relevant here pertains to the procedure following the conclusion of the hearing by the administrative hearing commission. When that hearing concludes with a finding of cause for complaint, the commission delivers or transmits to the licensing agency the record and a transcript of the proceedings before the commission together with the commission's findings of fact and conclusions of law. The commission may make non-binding recommendations. The agency must then set the matter for hearing and notify the licensee within thirty days after receipt of the record from the commission.

In this case, it appears that the commission issued its findings and decision on August 29, 1988. A copy was hand-delivered on that date to the assistant attorney general representing respondent board and copies were sent the same date by certified mail to the attorneys representing appellant. The notice of disciplinary hearing was issued October 19, 1988 which, appellant claims, was more than thirty days after August 29, 1988 and therefore beyond the period allowed by the statute. On this account, appellant says the board lacked jurisdiction to impose any discipline despite the finding of cause made by the administrative hearing commission.

Appellant has treated the letter notice from the commission dated August 29, 1988 enclosing the copy of the decision in the case as the certification of the transcript of the commission proceedings and the findings of fact and conclusions of law referred to in the statute. This assumption of fact is erroneous. Respondent filed with the trial court the affidavit of Dan Joyce, legal counsel for the administrative hearing commission, wherein Joyce states that the record in this case was certified to the Missouri Board of Pharmacy on November 14, 1988. The facts appearing in the affidavit were not controverted by appellant.

The entry by the commission of a decision in a case governed by the statutes referred to above, and notice to the parties of the decision and its content, is a prefactory step in the completion of the commission's function. The final action which commences the running of the thirty day period for scheduling a hearing before the licensing agency is the transmission by the commission of the record in the case and the transcript of the proceedings. If there were any defect with respect to time limitations in this case, it is that the notice of hearing was premature because sent before the thirty day period commenced upon transmittal of the record.

Appellant makes no complaint that the transcript from the administrative hearing commission was not available a sufficient period of time prior to the disciplinary hearing to allow preparation nor was there any request to the board for a continuance. The sole question is whether the period of limitations on the disciplinary hearing ran from the date of the decision or the date of transmittal of the record and transcript. As we have stated, it is the certification of the record which controls.

Appellant also argues that the period of delay in transmission of the case record from the commission to respondent board from August 29, 1988 to November 14, 1988 was an impermissible strategy intended to enlarge the period of uncertainty over the status of appellant's license and should not be countenanced.

The statute sets no time limit for action as to this feature of the proceedings although it must necessarily be inferred that

a cause for disciplinary action must not be unreasonably delayed. There was no unreasonable lapse in this case. If appellant believes that a time element should be added requiring the commission to act in transmitting the record, that complaint should be addressed to the general assembly. It is certainly no ground for the extraordinary relief of prohibition.

The undisputed facts in this case show that respondent scheduled a hearing for imposition of discipline with respect to appellant's license as a pharmacist within the time limits provided by the statute. There was no procedural defect which would impair respondent's jurisdiction over the case. The trial court therefore correctly denied the writ.

The judgment is affirmed.

All concur.