Gary BODENHAUSEN,
M.D., Respondent,

v.

MISSOURI BOARD OF REGISTRATION
FOR the HEALING ARTS,
Appellant.

No. 77573.

Supreme Court of Missouri,
En Banc.

May 30, 1995.

As Modified on Denial of
Rehearing June 20, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Don M. Downing, William J. Bryan, Asst. Attys. Gen., Jefferson City, for appellant.

Lori J. Levine, Dana L. Frese, Jefferson City, Daniel P. Card, II, St. Louis, for respondent.

Harvey M. Tettlebaum, Barbara L. Miltenberger, Jefferson City, for amicus curiae, Missouri Pharmacy Ass'n & Missouri Dental Ass'n.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, Asst. Atty. Gen., Jefferson City, for amicus curiae, Board of Pharmacy, et al.

BENTON, Judge.

May a licensing board discipline a professional without involving the Administrative Hearing Commission? The circuit court answered "no"; the court of appeals agreed; this Court granted transfer. *Mo. Const. art. V, § 10.* Affirmed in part, reversed in part, and remanded.

*I.*

On June 13, 1990, Gary Bodenhausen—a licensed physician—signed an agreement with the Board of Registration for the Healing Arts, stipulating that he had violated §§ 334.100.2(4)(h) and (13) RSMo Supp.1989. No complaint was ever filed with the Administrative Hearing Commission. The disci-

plinary agreement recited that it was entered "in lieu of proceedings before the Administrative Hearing Commission."

As discipline, Dr. Bodenhausen agreed to three years of probation, beginning July 5, 1990. As a condition of probation, he could neither prescribe nor dispense controlled substances for one year. If Dr. Bodenhausen violated any probation condition, the agreement authorized further discipline solely by the Board after a hearing before the Board alone. Dr. Bodenhausen did not seek timely judicial review of this discipline.

In January 1992, the Attorney General asked the Board to discipline Dr. Bodenhausen for prescribing controlled substances during the first year of probation, and for not submitting truthful probation forms. Again, no complaint was filed with the Administrative Hearing Commission.

After a hearing, the Board found that Dr. Bodenhausen breached the 1990 agreement as charged. As additional discipline, the Board suspended his license for 30 days and imposed probation for two years, ending October 31, 1994. Dr. Bodenhausen has not served this additional discipline because the circuit court stayed it.

Thirty days after the Board issued its additional disciplinary order, Dr. Bodenhausen petitioned for judicial review. In its Judgment, the circuit court concluded that "the Board did not obtain an independent evidentiary finding of cause from the Administrative Hearing Commission to discipline petitioner's license ...," and that the Board was "without jurisdiction to attempt to impose additional discipline." The circuit court also declared the 1990 agreement *void ab initio* and thus invalidated the original discipline.

## II.

Among other duties, the Board receives information and investigates alleged violations of the Medical Practice Act. *Board of Registration for the Healing Arts v. Spinden*, 798 S.W.2d 472, 474 (Mo.App.1990); *see also §§ 334.100 & 334.128 RSMo Supp.1989; § 334.240 RSMo 1986.*[1] To pursue a violation, the Board files a complaint with the

Administrative Hearing Commission. *Spinden*, 798 S.W.2d at 474; *§ 334.100.2 RSMo Supp.1989.* The Commission then conducts a hearing and issues findings of fact and conclusions of law. *§ 334.100.3 RSMo.Supp. 1989; §§ 621.045.1 & 621.110.* If the Commission finds cause for discipline, it may recommend "appropriate disciplinary action" to the Board. *§ 621.110.* The licensee then appears before the Board, which determines the discipline. *Id.* The licensee may waive the Board hearing, in which case the Commission's recommendation is the disciplinary order. *Id.* The final decision of the Commission and Board is then subject to judicial review. *§§ 621.145 & 536.100.* Final disciplinary actions are available to the public. *§ 334.101 RSMo Supp.1989.*

## III.

The Board contends that it can discipline Dr. Bodenhausen without ever filing a complaint with the Administrative Hearing Commission.

■ The key principle is that administrative agencies—legislative creations—possess only those powers expressly conferred or necessarily implied by statute. *State ex rel. Twenty–Second Judicial Circuit v. Jones*, 823 S.W.2d 471, 476 (Mo. banc 1992); *Soars v. Soars–Lovelace, Inc.*, 346 Mo. 710, 142 S.W.2d 866, 871 (1940). The Board invokes a statute that authorizes "informal disposition of contested cases by stipulation, consent order, or ... by agreed settlement where such settlement is permitted by law." *§ 536.060.* That statute further recognizes "stipulations or agreements among the parties" and "waiver by the parties ... of procedural requirements which would otherwise be necessary before final decision." *§ 536.060(4) & (3).*

■ The Board argues that this statute permits disciplinary agreements that dispense with contested case proceedings. To the contrary, a specific type of contested case is a precondition to professional discipline: The Board may discipline a physician *only* if the Administrative Hearing Commission first finds cause for discipline. *§§ 536.010(2), 621.135, 621.045.1 & 621.110; § 334.100.3*

---

**1.** Unless noted otherwise, all further statutory references are to RSMo 1986.

RSMo Supp.1989; *State Board of Registration for the Healing Arts v. De Vore,* 517 S.W.2d 480, 485–86 (Mo.App.1974). *See also Missouri Real Estate Comm'n v. McCormick,* 778 S.W.2d 303, 304 (Mo.App.1989); *State ex rel. Odom v. Missouri Board of Pharmacy,* 777 S.W.2d 336, 338 (Mo.App. 1989); *Kennedy v. Missouri Real Estate Comm'n,* 762 S.W.2d 454, 456–57 (Mo.App. 1988); *Dunning v. Board of Pharmacy,* 630 S.W.2d 155, 159 (Mo.App.1982).

The Commission may find cause for discipline only after the Board files a complaint with the Commission. *§§ 621.045.1 & 621.110; § 334.100.3 RSMo Supp.1989.* Once the Commission issues its decision, the Board may impose discipline by choosing among its options to revoke or suspend a license, impose probation, restrict or limit a license, issue a warning or reprimand, deny an application, or require medical care or continuing education. *§ 334.100.3 RSMo Supp.1989.*

The Board asserts that in the 1990 disciplinary agreement Dr. Bodenhausen expressly waived "the right to a decision upon the record by a fair and impartial administrative hearing commissioner...." However, the Commission's written decision—consisting of findings of fact and conclusions of law—cannot be waived in a physician discipline case. *§§ 621.045.1, 621.110, 536.090 & 536.060(3); § 334.100.3 RSMo Supp.1989; cf. Weber v. Firemen's Retirement System,* 872 S.W.2d 477, 480 (Mo. banc 1994).

Because the Commission never made findings of fact and conclusions of law, as mandated by §§ 621.045.1 & 621.110 and § 334.100.3 RSMo Supp.1989, the Board could not impose additional discipline on Dr. Bodenhausen in 1992.

### IV.

■ In addition to striking the 1992 discipline, the circuit court invalidated the 1990 discipline. True, the original discipline was subject to attack for the same reason as the additional discipline. However, Dr. Bodenhausen did not challenge the original discipline within the statutory time for appeal— 30 days after its imposition. *§§ 621.145 &* 536.110.1. By failing to seek timely judicial review, he is bound by the 1990 discipline.

■ Dr. Bodenhausen asked the circuit court to declare that the 1990 disciplinary agreement was void, beyond the jurisdiction of the board, could never authorize any discipline, and could be challenged at any time. See § 536.100. Section 536.060 clearly authorizes settlement agreements between the parties to a contested case, whether pending or potential. However, it does not permit physician *discipline* without a written decision from the Administrative Hearing Commission finding cause for discipline. *§§ 621.045.1 & 621.110; § 334.100.3 RSMo Supp.1989.* Because the 1990 disciplinary agreement violated this statutory requirement, it is voidable and does not permit discipline that is timely challenged.

The 1990 agreement imposed discipline and contained stipulations of fact and law—a sufficient decision to trigger judicial review. *Weber,* 872 S.W.2d at 480. Because Dr. Bodenhausen had a *right* to a hearing before discipline could be imposed, his case was "contested." *§ 536.010(2); Byrd v. Board of Curators of Lincoln University of Missouri,* 863 S.W.2d 873, 875 (Mo. banc 1993); *Weber,* 872 S.W.2d at 479 & 480 n. 3; *Strozewski v. City of Springfield,* 875 S.W.2d 905, 906 (Mo. banc 1994). Thus, he had to seek judicial review of the 1990 discipline within 30 days of its imposition. *§ 536.110.1; Byrd,* 863 S.W.2d at 876. Although the Board did not follow the statutory procedure to impose the original discipline, the decision still could have been appealed, as the Board has jurisdiction of physician discipline. *§ 334.100 RSMo Supp.1989; cf. Weber,* 872 S.W.2d at 478–80.

This conclusion answers the request by both the Board and Dr. Bodenhausen for this Court to declare the present decision "prospective" only. Since a specific statutory scheme controls physician discipline, such a declaration is unnecessary. *See Hackman v. Director of Revenue,* 771 S.W.2d 77, 81 (Mo. banc 1989), *cert. denied,* 493 U.S. 1019, 110 S.Ct. 718, 107 L.Ed.2d 738 (1990).

*V.*

The judgment of the circuit court is affirmed in part, reversed in part, and remanded for entry of a judgment consistent with this opinion.

All concur.