**Sylvan H. COHEN, R.Ph., Appellant,**

v.

**MISSOURI BOARD OF PHARMACY, Respondent.**

No. WD 54385.

Missouri Court of Appeals, Western District.

March 24, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 1998.

R. Henry Branom, Jr., St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for Respondent.

Before EDWIN H. SMITH, P.J., and SMART and ELLIS, JJ.

EDWIN H. SMITH, Presiding Judge.

Sylvan H. Cohen appeals the judgment of the Circuit Court of Cole County affirming the order of the Missouri Board of Pharmacy revoking his pharmacist license. The appellant raises two points on appeal. He claims that the circuit court erred in affirming the order of the Board revoking his license because: (1) the Board was required to consid-er undisputed, material evidence concerning his progress in treatment for his chemical dependency and make findings detailing why such evidence was not considered, and failed to do so; and, (2) the Board lacked subject matter jurisdiction to enter its order in that it was based on an alleged violation of a void order of probation.

We reverse and remand.

### Facts

The evidence in a light most favorable to the Board's decision is as follows. *SGOH Acquisition, Inc. v. Mo. Dept. of Mental Health*, 914 S.W.2d 402, 404 (Mo.App.1996). Sylvan H. Cohen has been a registered pharmacist in Missouri since 1965. In August of 1976, he was convicted in the United States District Court, on a plea of guilty, of one felony count of "devising and intending to devise a scheme to defraud and obtain money and property by false pretenses" from Venture Stores, Inc. As a result, on July 24, 1978, his pharmacist license was suspended for one year by the Missouri Board of Pharmacy (the "Board"), pursuant to § 338.055.3(1), RSMo. Cum.Supp.1975. Although the record does not reflect the date, the Board at some point filed another complaint against the appellant based upon a charge related to his addiction to Demerol. On April 18, 1988, based upon this complaint and pursuant to a "Joint Stipulation of Facts, Waiver of Hearings Before the Administrative Hearing Commission and the State Board of Pharmacy, and Consent Order," the Board suspended the appellant's license for one year, to be followed by five years of probation, pursuant to § 338.055.3.[1]

On April 27, 1993, while on probation, an inspection of the appellant's pharmacy by the Bureau of Narcotics and Dangerous Drugs revealed twenty-four dispensing infractions in violation of 4 CSR 220–2.110(1). On April 20, 1994, the appellant's five-year probation expired. On June 28, 1994, the Board filed a "Complaint in Violation of Disciplinary Order," which alleged that the twenty-four dispensing infractions violated the terms of the appellant's probation. On August 5, 1994, the Board conducted a "Violation of Disci-

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

plinary Order Hearing," to determine whether discipline should be imposed based upon these violations of probation. On September 20, 1994, the Board issued its "Findings of Fact, Conclusions of Law and Disciplinary Order," which provided that the appellant's probation was to be "extended" for one year beginning on October 20, 1994.

In August of 1995, while on probation, the appellant suffered a relapse of his chemical dependency. As a result, on October 18, 1995, the Board filed a "Complaint in Violation of Disciplinary Order," alleging that appellant violated the terms of his probation imposed by the Board's 1994 disciplinary order and was subject to further discipline. The complaint reflected that a staff pharmacist reported that the appellant had diverted approximately 400 Hydrocodone/Acetaminophen tablets from the pharmacy. After this violation was reported, the appellant self-reported that he had suffered a relapse of his chemical dependency. The complaint also reflected that after being confronted by an employee concerning missing drugs, the appellant wrestled with the employee, and that, at the time, he possessed two concealed weapons. As to this complaint, on January 30, 1996, the appellant and the Board entered into a "Joint Stipulation of Facts, Waiver of Hearings Before the Administrative Hearing Commission and the State Board of Pharmacy, and Consent Order," wherein appellant stipulated that all of the facts alleged in the October 18, 1995, complaint were true.

On February 1, 1996, the Board held a hearing on the violations of the appellant's probation as alleged in the Board's October 18, 1995, complaint to determine whether his probation should be revoked, and what discipline, if any, should be imposed. At the hearing, the appellant again admitted to the allegations in the complaint and explained his illness and progress to the Board. During this time, the appellant referenced that documents regarding his treatment had been sent to the Board from a treatment provider, but did not provide them at the hearing. In this regard, the record reflects the following exchange:

[Board]: And have you brought any evidence of that treatment, the outpatient program or any analysis from your counselors with you today?

[Appellant]: That information has been submitted to the Board of Pharmacy and should be a part of my record.

[Assist. Attorney General]: Mr. Chairman, I am unaware of any of those records being part of the record of the hearing here today. Am I mistaken of that? Are there any records of Mr. Cohen's treatment in evidence before the Board here today?

[Board]: No.

[Appellant]: They went to Mr. Kinkade on two separate occasions.

[Board]: A point of clarification, Mr. Cohen, did you send those to him for informational purposes or did you send them to him with the request to make them part of the record?

[Appellant]: I did not send anything. He contacted the Board of Pharmacy, indicated he was my treatment—primary treatment center. They asked him for various pieces of information and they were sent. I do have copies at home of that, but on two separate occasions he has written to the Board of Pharmacy to have that part of the knowledge of my recovery.

[Board]: Well, that information is part of your file, but it's not officially part of the record concerning the hearing today.

[Appellant]: I don't understand the difference.

On February 22, 1996, the Board issued its "Findings of Fact, and Conclusions of Law and Disciplinary Order," revoking the appellant's license pursuant to § 338.055.3 for a violation of his probation imposed by the Board's 1994 disciplinary order. The appellant filed a "Petition for Judicial Review" of the Board's decision in the Circuit Court of Cole County pursuant to § 536.110. On April 21, 1997, the circuit court issued an order affirming the Board's decision.

This appeal follows.

### Standard of Review

"When reviewing the decision of an administrative agency, we examine the decision of the agency, not the circuit court's

judgment." *Burgdorf v. Bd. of Police Comm'rs,* 936 S.W.2d 227, 230 (Mo.App. 1996). Our review is limited to determining whether the "decision is in excess of jurisdiction, unsupported by competent and substantial evidence, or is arbitrary, capricious, or unreasonable." *Id.* (citations omitted). We will review the evidence in a light most favorable to the Board's decision. *SGOH Acquisition, Inc.,* 914 S.W.2d at 404.

## I.

The appellant raises two points on appeal. He claims that the circuit court erred in affirming the order of the Board revoking his license because it: (1) was required to consider undisputed, material evidence concerning his progress in treatment for his chemical dependency and make findings detailing why such evidence was not considered, and failed to do so; and, (2) lacked subject matter jurisdiction to enter its order in that it was based on an alleged violation of a void order of probation. Because our disposition of Point II in appellant's favor would logically render Point I moot, we will address it first.

It is undisputed that the February 22, 1996, order revoking the appellant's pharmacist license was based upon alleged violations by the appellant of the September 20, 1994, probation order, which extended his original 1988 five-year probation for another year. The alleged violations of the 1994 probation order, professional misconduct and inaccurate controlled substance recordkeeping, were set forth in the Board's "Complaint in Violation of Disciplinary Order." The appellant stipulated as to the facts contained in the complaint, and on February 1, 1996, the Board convened a "Violation of Disciplinary Order Hearing." The appellant claims that the Board lacked the authority to revoke his license for a violation of the 1994 probation order because the order was void *ab initio.* Because we agree with the appellant that, if the 1994 probation order was void *ab initio,* the 1996 order revoking the appellant's license based on a violation and revocation of the same would be void as well, then, the issue we must decide is whether the Board had the authority to enter its 1994 probation order.

The appellant's claim that the Board's September 20, 1994, probation order was void *ab initio* is premised upon his assertion that the Board's authority to enter the order was based on a violation and revocation of the appellant's five-year probation ordered in the Board's April 20, 1988, disciplinary order, and that its authority to enter the 1994 probation order for a violation of the five-year probation had expired on April 20, 1994, prior to the entry of the 1994 order. The record reflects that the 1988 disciplinary order imposed a one-year suspension of the appellant's license to be followed by a five-year probation, the maximum allowed by § 338.055.3. As such, the appellant's five-year probation would have expired on April 20, 1994. Thus, the appellant contends that because his five-year probation had already expired at the time of his revocation and entry of the September 20, 1994, probation order, the Board lacked authority to enter a disciplinary order based on a violation and revocation of his five-year probation, rendering the 1994 order void *ab initio.*

The record reveals that the Board's 1988 disciplinary order was entered as a result of a complaint filed pursuant to § 338.055, which provides in pertinent part as follows:

2. [t]he board may cause a complaint to be filed with the administrative hearing commission as provided by chapter 621, RSMo, against any holder of any ... license required by this chapter ... for any one or any combination of the following causes....

3. [a]fter the filing of such complaint, the proceedings shall be conducted in accordance with the provisions of chapter 621, RSMo. Upon a finding by the administrative hearing commission that the grounds, provided in subsection 2, for disciplinary action are met, the board may, singly or in combination, censure or place the person named in the complaint on probation on such terms and conditions as the board deems appropriate for a period not to exceed five years, or may suspend, for a period not to exceed three years, or revoke the license, certificate, or permit.

Based upon the 1988 complaint, the appellant entered into a "Joint Stipulation of Facts,

Waiver of Hearings Before the Administrative Hearing Commission and the State Board of Pharmacy, and Consent Order." As a result, on April 20, 1988, pursuant to § 338.050.3, the Board suspended the appellant's license for one year, which was to be followed by a five-year probation. Unlike the 1988 disciplinary order, which was entered in accordance with § 338.055 authority and procedures, the 1994 probation order and the 1996 order revoking the appellant's license were entered based upon violations and revocations of the 1988 and 1994 probation orders respectively, which resulted from the original 1988 complaint. Thus, the issue becomes whether the Board had the authority to enter its 1994 and 1996 disciplinary orders based upon violations of the 1988 and 1994 probation orders which sprang from the original 1988 complaint.

■ A key principle of administrative law "is that administrative agencies—legislative creations—possess only those powers expressly conferred or necessarily implied by statute." *Bodenhausen v. Mo. Bd. of Registration for Healing Arts*, 900 S.W.2d 621, 622 (Mo.banc 1995) (citations omitted). In this regard, the authority which allows the Board to take disciplinary action against a pharmacist licensed in Missouri and the procedures by which such must be done are contained in § 338.055, set out, *supra.* As such, it is clear that for each complaint filed pursuant to § 338.055, on which the administrative hearing commission (AHC) finds that the grounds for disciplinary action are met, the Board has the authority to: (1) censure the person named in the complaint; (2) impose up to five years probation on him or her; (3) suspend his or her license for up to three years; or, (4) revoke his or her license. In this regard, the 1988 order, which was entered as a result of a § 338.055 complaint, imposed the maximum five-year term of probation.

Although § 338.055.3 expressly authorizes the Board to impose up to five years of probation for a substantiated complaint filed pursuant to § 338.055.2, it does not expressly authorize it to discipline a licensee based upon an alleged violation of such probation. In the absence of express statutory authority to discipline a licensee based upon an alleged

violation of such probation, the issue is whether the Board has the inherent authority to do so. There are no decisions of our appellate courts which deal with this issue with respect to the Board of Pharmacy. However, in *State Bd. of Registration for Healing Arts v. Masters*, 512 S.W.2d 150, 161 (Mo.App.1974), this court did address the issue of whether another administrative agency, the State Board of Registration for the Healing Arts (Board of Healing Arts), had the inherent authority to discipline a licensee based upon a violation of an order of probation.

Section 334.100 expressly authorizes the Board of Healing Arts to discipline a licensee by imposing probation based upon a finding by the AHC that a licensee has violated any subsection of § 334.100(2). Section 334.100 is very similar to § 338.055 in that it authorizes a disciplining agency, the Board of Healing Arts, to discipline a licensee with probation. And, like § 338.055, it does not expressly authorize the agency in question to impose discipline based upon a violation of an order of probation. However, in *Masters*, this court held that the Board of Healing Arts had the inherent authority to discipline a licensee based upon a violation and revocation of probation imposed pursuant to § 334.100.

■ Assuming, *arguendo*, that the rationale of *Masters* applies to the Board here, vesting it with the inherent authority to discipline a licensee based upon a violation and revocation of probation imposed pursuant to § 338.055, the issue then becomes what discipline the Board may impose as a result thereof. Logically, the Board would be limited to those dispositions provided for in § 338.055.3, which would include extending the term of the probation which was violated. However, even assuming the Board has the authority in the case of a probation revocation to impose discipline on a licensee pursuant to § 338.055, including extending the term of probation, the question arises as to whether the Board could extend a term of probation beyond the maximum term of five years provided for in § 338.055.3. The answer to this question is significant to the case at bar, because, if we assume that the Board

did not have the authority to extend the appellant's probation beyond the five-year term originally ordered in the 1988 disciplinary order, the 1994 probation order extending the appellant's probation for another year would be void *ab initio*, which, as discussed *supra*, would render the 1996 order revoking the appellant's license, based upon a violation of the 1994 probation order, void as well. Thus, we must decide whether the Board had the authority in 1994 to extend by one year the appellant's five-year probation ordered in 1988, which had expired prior to the entry of the 1994 probation order, for an alleged violation of that probation.

■ In deciding the issue presented, logically we must interpret the language of § 338.055.3, which authorizes the Board to place a licensee on probation, specifically, that it may: "place the person named in the complaint on probation on such terms and conditions as the board deems appropriate *for a period not to exceed five years* .... " § 338.055.3 (emphasis added). When interpreting statutes, we must give the words their plain and ordinary meaning and not surmise what the legislature intended to say or inadvertently failed to say. *State ex rel. Nixon v. Boone*, 927 S.W.2d 892, 896 (Mo. App.1996). In this regard, a commonly recognized definition of "exceed" is "to be more or greater than." WEBSTER'S NEW WORLD COLLEGE DICTIONARY 473 (3rd Ed.1997). As such, giving the language of § 338.055.3 in question, its plain and ordinary meaning, we find that the Board, in imposing discipline upon a licensee pursuant to § 338.055.3, is prohibited from ordering probation in excess of five years, including any extensions for subsequent violations thereof. Because the Board was prohibited by § 338.055.3 from extending the appellant's probation beyond the original five years, we find it had no authority to enter its 1994 order extending the appellant's probation for one more year. Thus, the 1994 order was void *ab initio, Davis v. J.C. Nichols Co.*, 768 S.W.2d 81, 83 (Mo.App.1986) (holding that where a court is without authority to act, its proceedings are void), which, in turn, rendered the 1996 order revoking the appellant's license, based upon a violation and revocation of the 1994 probation order, void *ab initio* as well.

In holding as we do, we do not decide whether the Board, after revoking the appellant's probation, could have ordered him censured, or his license suspended or revoked as provided in § 338.055.3, rather than extending his probation beyond the maximum term of five years. We also do not decide whether the Board could have sought to discipline the appellant pursuant to a new § 338.055 complaint based on the alleged violations of probation, rather than revoking and extending his probation. We only decide that in revoking the appellant's five-year probation ordered pursuant to § 338.055, the Board was prohibited by § 338.055.3 from extending his probation for another year.

The Board argues that even if it was without authority to enter its 1994 order extending the appellant's probation past five years, he waived any objection to the order because he did not challenge it within the time for appeal provided by § 536.110.1. In this regard, § 536.110.1 provides that a petition for review must be filed within thirty days after notice of the agency's final decision. In support of its argument, the Board cites *Bodenhausen*, 900 S.W.2d 621. In *Bodenhausen*, the Missouri Supreme Court held that because appellant did not challenge his disciplinary order of the Board within thirty days, as required by § 536.110.1, he was bound by the order. The basis for the appellant's challenge to the disciplinary order in *Bodenhausen* was that the AHC never made findings of fact and conclusions of law, as required by § 621.045.1 and § 334.100.3, RSMo Supp. 1989, and thus, lacked the authority to impose discipline upon him. The Supreme Court found that although this failure rendered the disciplinary order voidable, it did not render it void. We find that the rule of *Bodenhausen* does not apply here.

■ In *Bodenhausen*, the Board's jurisdiction to assess the discipline in question was not challenged, rather the procedure by which it did so was the basis of the appellant's challenge, specifically, disciplining the licensee without first obtaining the AHC's findings of fact and conclusions of law. Here, the Board was specifically prohibited

by § 338.055.3 from extending the appellant's probation beyond the maximum term of five years; and therefore, it exceeded and violated its statutory authority to impose probation when it extended the appellant's probation, rendering the 1994 order void *ab initio*, rather than voidable. *Davis*, 768 S.W.2d at 83. As such, the appellant's failure to challenge the Board's 1994 order of probation within the thirty days provided for by § 536.110.1 did not constitute a waiver of that challenge as was the case in *Bodenhausen*.

For the reasons stated, we find that the Circuit Court of Cole County erred in affirming the 1996 order of the Board revoking the appellant's pharmacist license. And, given this fact, we need not address appellant's Point I in that it is now moot.

### Conclusion

The judgment of the circuit court affirming the order of the Missouri Board of Pharmacy revoking the appellant's pharmacist license is reversed and the cause is remanded to the circuit court for it to order the Board to reinstate the appellant's pharmacist license in accordance with this opinion.

All concur.

